## Campbell v. Fidelity-Phenix Insurance Company.

(Decided April 19, 1932.)

HIRAM H. OWENS for appellant.

TYE, SILER, GILLIS & SILER; GORDON, LAURENT & OGDEN; and T. M. GALPHIN, JR., for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellant, Mrs. H. L. Campbell, had a fire insurance policy with the appellee for $1,500 on the contents of her home, and one for $1,200 with another company on the building. The property, located at Corbin, was destroyed by fire in the early hours of April 5, 1930. In a suit filed on the policy, the appellee denied its liability and charged, among other things, that the plaintiff had personally or through confederates feloniously burned the property and that she had made a false and fraudulent proof of loss, as the contents of the house had been previously removed and had not in fact been damaged or destroyed. The suit was tried with one on the building policy and the jury returned a verdict in favor of the plaintiff against the company carrying the risk on the building, and against the plaintiff and in favor of the company carrying the risk on the contents. This appeal is in the latter case only.

The grounds upon which a reversal of the judgment is sought are that the verdict is flagrantly against the evidence and that incompetent evidence was admitted.

The plaintiff was at the time estranged from her husband and had a divorce suit pending. She and her small child lived in the property and her brother, a railroad conductor, stayed with them when in Corbin overnight, which was perhaps once a week. During the day before the fire she had done some housecleaning, including the use of gasoline on the rugs. She left home a few minutes before midnight to get a train soon leaving to go to Covington to visit another brother. About half past 3 in the morning the building was discovered in flames. There were several circumstances tending to show that the fire was of incendiary origin, but the appellant had been found not guilty on the criminal charge of burning the property. The verdict of the jury on this trial finding for the plaintiff on the policy covering the building

and against her on the one covering the furnishings was doubtless rested upon the evidence that substantially all the contents had been removed before the fire, and it is that phase of the case to which our attention will be directed.

Without undertaking to prove the fair value of any specific article or of the property as a whole, the plaintiff placed her own total valuation of the personal property at $2,950. Included in that sum is damage of $60 to a secondhand cook stove for which she had paid $22.50; a ten-year old victrola phonograph and records at $225; enlarged photographs of her parents at $200; linens at $500; and other items of equally extravagant valuations.

The evidence introduced in behalf of the defendant was that one night, within a month preceding the fire, a loaded truck, with the contents covered by a canvas, left the house, and that within a week a trunk was hauled away. About three weeks before the fire plaintiff's husband had endeavored to hire a truck at Berea for the stated purpose of going to Corbin for a load of household goods. Plaintiff had formerly lived near Berea. Her nephew, who had lived with her mother until the latter's death about six months before and who remained in the house, testified that in March a truck load of furniture was brought there from Corbin, as he was informed, and stored in one of the rooms. City firemen and others testified that the ruins of the fire indicated that one room in the house had been practically vacant and that others contained very little furniture. There was included a small cook stove which was unlike a more valuable one described in the proof of loss. A deputy fire marshal found many articles stored in the home of the plaintiff's mother near Berea to correspond with articles listed among those lost in the fire. Upon a second trip to that place Mrs. Campbell was present and objected to a search under a warrant by the deputy sheriff because her niece, who lived there, was not at home. The officers went and got the niece, and upon her return Mrs. Campbell stated that the furniture was not hers but belonged to her mother. It was proved that the furniture stored had not belonged to her mother.

The evidence introduced in behalf of the plaintiff, in addition to the specific claim of the destruction of the property and to the denial of its removal, was in sub-

stance as follows: Her husband (who returned to his wife about a week after the fire) testified that he had followed her to Berea in order to persuade her to return to him, and that when she refused he had tried to get a truck with which to remove her possessions there, but that they were not so removed. It was testified by several witnesses that the property stored at the mother's home belonged to Mrs. Blankenship, plaintiff's niece, and that in February preceding the fire it had been sent to Berea from her home in Virginia for storage at her mother's, who resided nearby, but instead it had been placed in the home of her late grandmother. Plaintiff testified that when she told the officers that the furniture in the house had belonged to her mother she was referring to that in use and did not know that her niece's furniture was stored there. The trucks which had been to her home in Corbin before the fire were those of local merchants, except that she had traded a table and vacuum cleaner to a secondhand dealer for a stove and they had been removed in an automobile, and also that a truck had moved her husband's trunk. A neighbor, who was among the first to reach the fire, testified to seeing different articles of furniture in the building before they were burned. Evidence was heard tending to show that the ruins contained various articles claimed to have been lost and some metal parts were introduced to corroborate the witnesses.

The general reputation of the plaintiff was brought in issue with the preponderance of the evidence tending to prove that it was bad.

The foregoing is but an outline of the evidence, but sufficient, we think, to indicate that our conclusion is sound that the verdict was not palpably against the evidence. Phœnix Insurance Company v. Wintersmith, 98 S..W. 987, 30 Ky. Law Rep. 369.

The appellant also claims error in the admission of certain incompetent evidence. If all such be regarded as incompetent, we cannot regard the admission of any of it as prejudicial. In most instances the record does not sustain the brief of appellant showing that exceptions to the rulings of the court were taken. We cannot review a ruling of the trial court in the absence of an exception thereto. Civil Code of Practice, secs. 333, 334, and annotations.

Wherefore the judgment is affirmed.